DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEITH MARTIN ARONOFF,**
Appellant,

v.

**LARA ARONOFF,**
Appellee.

No. 4D21-3305

[February 15, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case No. FMCE18-12100(33).

John J. Shahady of Shahady & Wurtenberger, P.A., Fort Lauderdale, for appellant.

No brief filed for appellee.

GROSS, J.

In this appeal of a final judgment of dissolution of marriage, we affirm on all issues but one, involving the requirement that the Husband maintain life insurance policies with a total death benefit of $7 million. We also write to address the disposition of the college savings accounts.

*The Life Insurance Policies*

The evidence at trial disclosed that the Husband owned life insurance policies providing death benefits totaling $7 million.

The final judgment required the Husband to "maintain the premium payments(s) on the five insurance policies." The judgment designated the Wife as the "50% beneficiary of such life insurance policies covering the life" of the Husband until the couple's minor child reached his eighteenth birthday.

As the Husband argues, the trial court did not make any specific findings as to the availability and cost of the policies, the impact of such cost on the Husband's finances, or the circumstances requiring security

for the Husband's financial obligations under the final judgment. At the time of the judgment, the parties' son was about two years away from turning eighteen. The death benefit on the policies far exceeded the Husband's mandatory financial obligations to his son.

We therefore reverse and remand for the trial court to make the requisite findings regarding the Husband's life insurance obligation. *See Leyte-Vidal v. Leyte-Vidal*, 350 So. 3d 79, 83 (Fla. 4th DCA 2022) ("On remand, the trial court shall make the requisite findings regarding the Husband's life insurance obligation. The court may hear additional evidence to make such findings."); *Karkhouff v. Robilotta*, 309 So. 3d 229, 237 (Fla. 4th DCA 2020) (holding that "[d]ue to the Final Judgment's lack of factual findings on [the life insurance] issue, we reverse and remand for the trial court to ensure that the Final Judgment contains specific findings regarding: the special circumstances justifying the life insurance requirement, Former Husband's insurability, the type and amount of life insurance required, and the cost of such a policy"); *Pietras v. Pietras*, 842 So. 2d 956, 962 (Fla. 4th DCA 2003) (allowing trial court to receive additional evidence relating to cost of premiums and consider the financial impact on the payor).

*The College Savings Accounts*

At trial, the Wife testified that she opened and funded a Florida Prepaid College account and a 529 educational savings account for the parties' son. She said that she had taken $60,000 out of their son's account to pay for the child's current private schooling.

In the final judgment, the trial court found that the Wife was the custodian of the child's 529 plan, which was "valued at over $305,000," and that the Husband did not contribute financially to any of the college savings accounts. The court rejected the Husband's "suggestion that the funds in the 'College Savings Accounts' first be utilized to pay the marital debts of the parties," finding that such a proposal "reflects the Husband's choice of placing his needs ahead of those of his child."

In the equitable distribution section of the judgment, the trial court found that it was in the best interest of the parties' child that the Wife "remain as the sole trustee of the funds" in the college savings accounts set up for the child's benefit.

In the context of the parties' financial situation, the trial court did not abuse its discretion in designating the Wife as the "sole trustee" of the child's college savings accounts. There was evidence to support the

conclusion that the Wife was most likely to manage the funds in the best interest of the child. To the extent that the judgment's trustee designation amounted to an "unequal distribution" of marital assets, there was sufficient justification for it, as insuring the child's educational future, in light of the child's particular needs, did "equity and justice between the parties." § 61.075(1)(j), Fla. Stat. (2020). The trial court did not abuse its discretion on this issue.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**